UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN QUENTIN SIERRA
an Individual,

     Plaintiff,                 Case No:  8:23-cv-01307

v.

US ATLANTIC, LLC
d/b/a DYNAMIC MOTORS,
A Florida limited liability company

     Defendant.

_____/

## DEFENDANT US ATLANTIC, LLC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT

COMES NOW, Defendant, US ATLANTIC, LLC d/b/a DYNAMIC

MOTORS ("US ATLANTIC"), a Florida limited liability company, by and through

its undersigned counsel of record, and hereby files its Motion to Dismiss Plaintiff's

Complaint or, in the Alternative, a More Definite Statement.  US ATLANTIC

respectfully requests the Court to dismiss this matter in its entirety for failure to state

a claim upon which relief may be granted pursuant to the Federal Rules of Civil

Procedure, Rule 12(b)1, and 6 or, in the alternative, require Plaintiff to provide a

more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil

Procedure. In support thereof, US ATLANTIC would respectfully show the Court as follows:

## I.       INTRODUCTION

US Atlantic, LLC., d/b/a Dynamic motors ("Defendant") is and at all relevant times was a Florida Limited Liability Company which is engaged in the business of selling used motor vehicles. On or about March 1, 2021, Plaintiff JOHN QUENTIN SIERRA an individual (hereinafter the "Plaintiff") went to Dynamic Motors with the intent of purchasing a vehicle (Compl. 2: 5) and was shown a 2007 Dodge Ram 1500 (Compl. 2: 8), which he ended up purchasing (Compl. 3: 12) (the "Vehicle"). In purchasing the Vehicle, Plaintiff executed a number of documents including a "Buyer's Order", Retail Installment Sale Contract Simple Finance Charge, Power of Attorney, and Application for Certificate of Title. (Compl. 3: 13, 15; 5: 29). Concurrent with executing such documents, Plaintiff also signed numerous disclosures advising him that the Vehicle had or has structural damage, that it had accident history, a Carfax report reflecting the same and several other documents informing him of accident, structural unibody damage, and salvage history. Plaintiff was also provided the opportunity to fully inspect the vehicle to his satisfaction.

Notwithstanding, Plaintiff went forward with the purchase of the Vehicle with no complaints to the Defendant.   It was only after seeking to trade in the vehicle over two years later at CarMax (and receiving an offer less than anticipated) that

Plaintiff brought this action for violation of the Federal Odometer Act 49 U.S.C. §32701, *et sequi* (hereinafter the "ACT") (Compl. 6: 34) alleging, in part, that Dynamic Motors:

> Failed to provide Plaintiff with the actual title certificate for the Vehicle, for his examination and signature, as required by 49 U.S.C. §32705 and 49 C.F.R. §580.5. (Compl.7:39).

However, given the age of the Vehicle, Plaintiff fails to raise a viable claim under the Act and therefore the Complaint should be dismissed with prejudice.

## II.   LEGAL STANDARD

### A. 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not required to accept, as true, legal conclusions couched as factual

allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "But where the well-pleaded facts do not merit the court to infer more than the mere possibility of misconduct, the complaint...has not 'show[n]'...'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

In analyzing a Rule 12(b)(6) motion, the Court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (internal quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

## III.   ARGUMENTS AND AUTHORITIES

### A. Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(b).

## a.  <u>The requirements of the Federal Odometer Act do not apply to the Vehicle.</u>

Count One of Plaintiff's Complaint is properly dismissed due to the fact the Federal Odometer Act (49 U.S.C. § 32701, *et sequi*) facially does not apply to the vehicle purchased by Plaintiff.

As mentioned above, Plaintiff attempts to elicit Federal Question jurisdiction by citing  49 U.S.C. §32705  and  49 C.F.R.  §580.5. (Compl. 7:39) 49 U.S.C. § 32705 governs the "Disclosure Requirements on Transfer of Motor Vehicles" and states:

> (a)(1) Disclosure requirements. --Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
> (A) Disclosure of the **cumulative mileage registered on the odometer**.
> (B) Disclosure that the **actual mileage** is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.
> (2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.
> ***
> (4)(A) This subsection shall apply to all transfers of motor vehicles (**unless otherwise exempted by the Secretary by regulation**), except in the case of transfers of new motor vehicles from a vehicle manufacturer jointly to a dealer and a person engaged in the business of renting or leasing vehicles for a period of 30 days or less.

49 U.S.C. § 32705 Emphasis added in bold and underline.

As such, the disclosure requirements of 49 U.S.C. § 32705 relate directly to vehicle milage. This position is further supported by 49 U.S.C. § 32701, which states the Findings and Purpose of the Act and states:

> (a)Findings.—Congress finds that—
> (1)buyers of motor vehicles rely heavily on the **<u>odometer</u>** reading as an index of the condition and value of a vehicle;
> (2)buyers are entitled to rely on the **<u>odometer</u>** reading as an accurate indication of the mileage of the vehicle;
> (3)an accurate indication of **<u>the mileage</u>** assists a buyer in deciding on the safety and reliability of the vehicle; and
> (4)motor vehicles move in, or affect, interstate and foreign commerce.
> (b)Purposes.—The purposes of this chapter are—
> (1)to prohibit tampering with motor vehicle **<u>odometers</u>**; and
> (2)to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset **<u>odometers</u>**.

49 U.S. Code § 32701.  Emphasis added in bold and underline.  Likewise, 49 CFR §580.5 governs the "Disclosure of odometer information" and requires milage disclosure, unless, like 49 U.S.C. § 32705, such requirement is "exempted by the Secretary by regulation."

In the current action, the Vehicle in question is expressly excluded from the odometer disclosure requirements. 49 CFR § 580.17 provides Exemptions and states, in part:

> (a) A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:
>
> (1)
>
> (2)
>
> (3)

      **(i)**     **A vehicle manufactured in or before the 2010 model year that is transferred at least 10 years after January 1 of the calendar year corresponding to its designated model year;**

      **(ii)**    **Example to paragraph (a)(3): For vehicle transfers occurring during calendar year 2020, model year 2010 or older vehicles are exempt.**

49 CFR § 580.17. (Emphasis added in bold). Further, it should be noted that neither 49 U.S.C. § 32705 nor 49 C.F.R. § 580.5 create a duty for Defendant to provide Plaintiff with the "actual title certificate for the vehicle" as alleged in Paragraph 39 of the Complaint. See *Bodine v. Graco, Inc*., C.A.9 (Ariz.)2008, 533 F.3d 1145 (finding  that buyer of used vehicle failed to state claim under Motor Vehicle Information and Cost Savings Act (Odometer Act) when she alleged that vehicle's sellers violated Odometer Act by deliberately withholding vehicle's title to conceal that vehicle had been severely damaged in earlier collision, given absence of requisite allegation that sellers intended to defraud as to vehicle's mileage.).

     Given the foregoing exemption, the Vehicle in question does not give rise to claim under the Act. As stated by Plaintiff, the Vehicle was a 2007 model year, purchased by the Plaintiff in 2021. Therefore, the Vehicle was "manufactured in or before the 2010 model year" and was transferred "at least 10 years" after the "designated model year". In turn, exempting the Defendant from disclosing the vehicle's odometer mileage. This exemption was evidenced to Plaintiff during the sale of the vehicle, as seen in Exhibit "A" of the Complaint, which shows that the

Defendant wrote "EXEMPT" in the mileage form on the actual signed Buyer's order.

Based on the foregoing, Plaintiff wholly fails to state a claim under the Act. The legislative purpose of the Act is to provide accurate odometer disclosures; however, pursuant to the express regulatory exemption, Defendant was not obligated to provide such a disclosure given the age of the Vehicle and the date of purchase. Likewise, given that Defendant was not obligated to provide an odometer disclosure, it is entirely unclear how Defendant violated 49 U.S.C. § 32705 or 49 C.F.R. § 580.5 since Plaintiff only alleges that Defendant failed to provide an "actual title certificate", which is not a requirement under the statute or the regulation.  As a result, Defendant moves this Court to dismiss Count I with prejudice for failure to state a claim upon which relief can be granted.

### b.  The Claims Alleged to Do Give Rise to a Violation of the Act.

The claims raised by Plaintiff fail to allege a violation of the Act, and therefore the Complaint should be dismissed with prejudice. As stated in *Ashcroft v. Iqbal*, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss." 556 U.S. at 678. As such, where the well-pleaded facts **do not merit the court to infer more than the mere possibility of misconduct**, the complaint...has not 'show[n]'...'that the pleader is entitled to relief.' " *Id* at 679 (citing FED. R. CIV. P. 8(a)(2)). In the current action, Plaintiff

cites the Act (and the regulations associated therewith) with the sole intent of simply inferring misconduct by the Defendant in an effort to obtain federal jurisdiction.

Plaintiff alleged that "Defendant failed to provide Plaintiff with the actual title certificate for the Vehicle…as required by 49 U.S.C. 32705 and 49 C.F.R. 580.5", without citing any specific portion or subsection of such statute or regulation. However, as mentioned above, neither the plain text of 49 U.S.C. 32705 and/or 49 C.F.R. 580.5 require that transferee be provided with the "actual title certificate". Accordingly, Plaintiff has failed to allege how Defendant's actions violated the Act or contravened the law but rather, by such general reference, has impermissibly alleged the possibility that Defendant's actions resulted in statutory misconduct. Likewise, without indicating the statutory or regulatory violations by Defendant, Plaintiff has failed to show this Court of his entitlement to relief pursuant to such statute and/or regulation. These vague references amount to the very type of pleading entitling Defendant to relief pursuant to *Ashcroft v. Iqbal*, and, as such, Count I of the Complaint should be dismissed with prejudice.

### B. If the Court Dismisses Count I, All Other Claims Should Also Be Dismissed

Where a Court dismisses the only claim giving rise to federal jurisdiction, it should dismiss all supplemental claims brought under state law. 28 U.S.C. § 1367(c)(3):

("(a) Except as provided in subsections (b) and (c) ... (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if... (3) the district court has dismissed all claims over which it has original jurisdiction, ") Artis v. District of Columbia, 138 S.Ct. 594 (2018)( "When district courts dismiss all claims independently  qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims.")

In the current action, Plaintiff's Complaint includes the following counts: Count I - Action for Violation of the Federal Odometer Act; Count II – Action for Fraud; and Count III – Action for Negligent Misrepresentation. Accordingly, the only claim over which this Court may have original jurisdiction is Count I. Therefore, if it is ruled that Plaintiff failed to state a claim under Count I and the Federal Odometer Act, this court no longer has original jurisdiction and the remaining  state related claims (i.e. Counts II and III) should also be dismissed.

## IV.   <u>IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT</u>

 In the event that this Court does not dismiss the Plaintiff's entire Complaint, Defendant requests that an Order be entered compelling the Plaintiff to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8 governs General Rules of Pleading and states:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the **court's jurisdiction**, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim **showing that the pleader is entitled to relief**; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Therefore, pursuant to F.R.C.P. 8(a)(1) a complaint must set forth the grounds upon which the federal court's jurisdiction is based. Further, Plaintiff bears the burden of establishing subject matter jurisdiction, and the Court must therefore presume that it lacks jurisdiction unless Plaintiff proves otherwise. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994).  Here, the Plaintiff failed to meet the bare minimum requirement of a "short and plain statement" of the court's jurisdiction. Fed. R. Civ. P. 8(a).

As an initial matter, under the "Jurisdiction and Venue" paragraph of the Complaint (i.e. Paragraph 1) Plaintiff wholly failed to make any statement regarding jurisdiction, much less the jurisdiction of this Court. Further, under the "Allegations as to Parties" section, Plaintiff only alleged Plaintiff was a "'dealer' as said term is defined under 49 U.S.C. 32702….[and] a 'transferor' as said term is defined under 49 C.F.R. 590.3…", without indicating how the Defendant meets those  definitions under federal law, and grants this Court jurisdiction over this matter. Finally, Count I also fails to allege the jurisdiction of this Court but rather only states "[t]his is an

11

action for violation of the Federal Odometer Act 49 U.S.C. 32701, et sequi". As such, the Complaint should be dismissed and Plaintiff should be required to provide a more definite statement regarding the Court's jurisdiction.

Beyond F.R.C.P. 8(a)(1), F.R.C.P. 8(a)(2), requires that a pleading setting forth a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule requires that the pleading give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests. See *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The purpose of Rule 8 is to give fair notice of the claim asserted so as to permit the adverse party the opportunity to file a responsive answer and prepare an adequate defense. See *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint must provide an adequate description of the particular acts by each defendant that led to the lawsuit **and an explanation of how such acts contravened the law**. See *Power v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995). A motion for more definite statement is appropriate if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). See also *Betancourt v. Marine Cargo Management, Inc*., 930 F. Supp. 606, 608-09 (S.D. Fla. 1996).

As stated above, Plaintiff alleged that "Defendant failed to provide Plaintiff with the actual title certificate for the Vehicle…as required by 49 U.S.C. 32705 and 49 C.F.R. 580.5" despite the fact neither 49 U.S.C. 32705 and 49 C.F.R. 580.5

require that transferee be provided with the "actual title certificate". As a result of such vague statutory and regulatory recitation,  without any citation to a specific subsection or provision, Defendant cannot ascertain which provision of the Act it is being alleged to have violated. Further, such lack of specificity by Plaintiff fails to provide Defendant fair notice of the claim being asserted against it and the "grounds upon which [such claims] rests." *Coffin v. Safeway, Inc.*, 323 F. Supp. 2d 997, 1001 (D. Ariz. 2004).  Defendant cannot properly prepare its defense if it cannot ascertain with specificity the alleged violation of law; to hold otherwise would  effectively equate to permitting pleadings (and obtaining federal jurisdiction) for citing the U.S.C. generally. As such, should the Court not dismiss the Complaint, the Court should enter an Order requiring Plaintiff provide a more definite statement regarding the alleged violations of the Act.

## V.  <u>CONCLUSION</u>

The Complaint should be dismissed given the age of the vehicle at the time of purchase, as it was not subject to the protections provided by the Act. In the alternative, in the event the Court chooses not the dismiss the Complaint, Plaintiff should be required to remedy the defective pleading and allege the basis for this Court's jurisdiction as well as the alleged violation of the Act.

WHEREFORE, Defendant respectfully move this Court for an Order dismissing the Complaint, awarding the fees and costs associated with filing this motion and such other relief as this Court deems just and proper.

Respectfully submitted this 24th day of July, 2023.

/s/ Thomas R. Farrior

**Jeffrey W. Gibson, Esq.**
Florida Bar Number: 568074
**Thomas R. Farrior, Esq.**
Florida Bar Number: 111965
Primary email:      jg@macfar.com
                           trf@macfar.com
Secondary email:   ala@macfar.com
                           plb@macfar.com
**MACFARLANE FERGUSON & MCMULLEN**
201 N. Franklin Street, Suite 2000
Tampa, Florida 33602
Telephone:   813-273-4200
Fax:            813-273-4396
Attorneys for US ATLANTIC, LLC.
d/b/a DYNAMIC MOTORS,
a Florida limited liability company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant US ATLANTIC, LLC.'s Motion to Dismiss Plaintiff's Complaint or, In the Alternative, a More Definite Statement has been furnished via email and CM/ECF to Joshua Feygin, Esq., SUE YOUR DEALER – A LAW FIRM, 1930 Harrison Street, Suite 208 F, Hollywood, Florida 33020, Josh@Sueyourdealer.com, Attorneys for Plaintiff, this 24th day of July 2023.

14

*/s/ Thomas R. Farrior*
**Thomas R. Farrior, Esq.**
Florida Bar Number: 111965